**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

JOSE QUINTANA,

Plaintiff,

vs.

M&T BANK CORPORATION,

Defendant.
_______________________________/

# COMPLAINT

**COMES NOW,** the Plaintiff, JOSE QUINTANA, by and through undersigned counsel, and brings this action against the Defendant, M&T BANK CORPORATION ("M&T"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA").

2. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

**PARTIES**

7. At all times relevant to this Complaint, Defendant, M&T was and is a corporation, formed under the laws of the State of New York, has its principal place of business in Buffalo, New York and is the parent company of M&T Bank.

8. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida, and owns a home, which is Plaintiff's primary residence, in Miami-Dade County.

9. At all times relevant to this Complaint, M&T, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

10. At all times relevant to this Complaint, M&T, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

11. At all times relevant to this Complaint, M&T, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

12. At all times relevant to this Complaint, M&T, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. Upon information and belief, the primary function of M&T's servicing business is to collect payment on mortgage accounts.

14. Upon information and belief, M&T, began servicing the subject loan after it was allegedly already in default.

15. Upon information and belief, M&T, was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt.

16. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

17. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

18. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

**<u>BACKGROUND AND GENERAL ALLEGATIONS</u>**

19. The subject debt is referred to by M&T as loan number: ******6892.

20. On May 21, 2015, Bayview Loan Servicing, LLC ("Bayview"), as agent for M&T, offered Plaintiff a Home Affordable Modification Agreement (the "Modification").

21. Plaintiff subsequently executed the Modification.

22. A true and correct copy of same is attached hereto as Exhibit "A".

23. Section 3.B. of the Modification states:

> The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late

> charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan.

24. The Modification subsequently became effective and Plaintiff began to receive mortgage statements reflecting the new Modification terms.

25. Then, in December 2015, M&T issued a monthly mortgage statement, which much to Plaintiff's dismay, contained a $1,500.00 charge for "Forecl. Attny Fee" on November 20, 2015, nearly five months after the Modification was executed (the "December statement").

26. A true and correct copy of the December statement is attached hereto as Exhibit "B".

27. The December statement shows that the "Total Amount Due 01/01/16" is $2,749.98, which includes the normal monthly payment plus the $1,500.00 charge as a "Recoverable Corporate Advance". *See Exhibit "B"*.

28. Then, in January 2015, M&T issued a monthly mortgage statement, which again shows that Plaintiff owes a "Recoverable Corporate Advance" of $1,500.00 for a total of $2,749.98 (the "January statement").

29. A true and correct copy of same is attached hereto as Exhibit "C".

30. It is Plaintiff's position that he should not owe the $1,500.00 as any fees charged to the mortgage loan should have been incorporated into the modified principal balance. M&T should not be permitted to charge foreclosure fees five months after the Modification was executed.

31. At the top of the January statement, it says "Amount Due $2,749.98" and "If payment received after 01/16/16, $18.49 late fee will be charged." *See Exhibit "C"*.

32. Additionally, at the bottom of the January statement, it says:

| | | |
|---|---|---|
| Due by | 02/01/16 | $2,749.98 |
| If received after | 02/16/16 | $2,768.47 |

33. Thus, M&T threatened to charge a late fee if the $1,500.00 foreclosure fee was not paid by February 16, 2016. M&T has no right to threaten to charge a late fee on an amount, which should not be due.

34. The same late fee was threatened to be charged on the December statement.

**COUNT I-VIOLATION OF FDCPA: 15 USC 1692e**

35. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 34.

36. 15 U.S.C. §1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e

37. The $1,500.00 charge for "Recoverable Corporate Advance" on the December and January statements is a false representation of the amount of a debt. M&T has no right to charge Plaintiff $1,500.00 for foreclosure attorney's fees post-Modification. All past-due fees and charges were required to be included in the modified principal balance per the Modification.

38. The $1,500.00 charge for "Recoverable Corporate Advance" on the December and January statements is the false representation of compensation which may be lawfully received by M&T. M&T has no right to charge Plaintiff $1,500.00 for foreclosure attorney's fees post-Modification. All past-due fees and charges were required to be included in the modified principal balance per the Modification.

39. The threat of charging a late fee if $2,749.98 was not paid by February 16, 2016, is a false representation of compensation which may be lawfully received by M&T. M&T has no right to charge a late fee if the $1,500.00 "Recoverable Corporate Advance" was not paid, in addition to the normal monthly payment, by February 16, 2016.

40. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

41. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's mortgage.

42. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

43. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

**COUNT II-VIOLATION OF FDCPA: 15 USC 1692f**

44. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 34.

45. 15 U.S.C. §1692f states in part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1)

46. The $1,500.00 charge for "Recoverable Corporate Advance" on the December and January statements is the collection of a charge that is not expressly authorized by the Modification or permitted by law. M&T has no right to charge Plaintiff $1,500.00 for foreclosure attorney's fees post-Modification. All past-due fees and charges were required to be included in the modified principal balance per the Modification.

47. The threat of charging a late fee if $2,749.98 was not paid by February 16, 2016, is the attempt to collect of a charge that is not expressly authorized by the Modification or permitted by law. M&T has not right to charge a late fee if the $1,500.00 "Recoverable Corporate Advance" was not paid, in addition to the normal monthly payment, by February 16, 2016.

48. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692f.

49. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's mortgage.

50. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

51. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

**COUNT III-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)**

52. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 34.

53. Florida Statutes § 559.72(9) states:

In collecting debts, no person shall:

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

54. The $1,500.00 charge for "Recoverable Corporate Advance" on the December and January statements is the assertion of a legal right that M&T knows does not exist. M&T has actual knowledge that it is not permitted to charge Plaintiff $1,500.00 for foreclosure attorney's fees post-Modification. All past-due fees and charges were required to be included in the modified principal balance per the Modification.

55. The threat of charging a late fee if $2,749.98 was not paid by February 16, 2016, is the assertion of a legal right that M&T knows does not exist. M&T has actual knowledge that it is not permitted to charge a late fee if the $1,500.00 "Recoverable Corporate Advance" was not paid, in addition to the normal monthly payment, by February 16, 2016. M&T has actual knowledge that as long as the normal monthly payment amount was timely paid, M&T cannot charge a late fee.

56. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

57. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's mortgage.

58. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

59. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, JOSE QUINTANA, respectfully asks this Court to enter an order granting judgment for the following:

(a) That M&T be required to remove the $1,500.00 "Recoverable Corporate Advance" charge from the mortgage;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k and Florida Statutes § 559.77(2); and

(c) Such other relief to which this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, JOSE QUINTANA, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers

Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786